UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMONE JORDAN,

      Plaintiff,

                            CASE NO. 06-CV-10979-DT
                            JUDGE PAUL D. BORMAN
                            MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

PATRICIA CARUSO,
PAUL H. RENICO,
JOHN DOE, TODD PENTRICH,
BEVERLY MURDOCK and
NEMUS GONZALES,

      Defendants.
_____/

## REPORT AND RECOMMENDATION REGARDING DEFENDANTS' FED. R. CIV. P. 12(b)(6) MOTION FOR DISMISSAL FOR LACK OF EXHAUSTION (Doc. Ent. 5)

**I.    RECOMMENDATION:** The Court should enter an order (1) directing the clerk to correct the case caption to reflect the proper spelling of defendant Pendrich's name to Todd Pentrich and to insert the first name of defendant Beverly Murdock[1] and (2) denying defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss which asserts plaintiff's failure to exhaust pursuant to 42 U.S.C. § 1997e(a).  This denial would be without prejudice to the right of defendants to assert failure to exhaust in further pleadings, such as in a motion for summary judgment.

**II.    REPORT:**

**A.    Procedural History**

---

[1] Defendants' June 2, 2006 motion to dismiss lists the defendants names as Patricia Caruso, Paul H. Renico, Nemus Gonzales, Todd Pentrich and Beverly Murdock.  Doc. Ent. 5 at 8.

On March 6, 2006, while incarcerated at Chippewa Correctional Facility (URF), plaintiff filed a fee-paid, pro se civil rights complaint. (Doc. Ent. 1). Defendants are Michigan Department of Corrections (MDOC) Director Patricia Caruso, former St. Louis Correctional Facility (SLF) Warden Paul H. Renico, SLF Sgt. Nemus Gonzales, and SLF RUMs Todd Pentrich and Beverly Murdock. (Doc. Ent. 1 ¶¶ 2-6, Doc. Ent. 5 at 8).

Plaintiff's claims are based on the First, Eighth and Fourteenth Amendments, as well as 42 U.S.C. § 2000cc-1 ("Protection of religious exercise of institutionalized persons"); Mich. Comp. Laws § 750.147b ("Ethnic intimidation; violation, penalty; civil action, damages, costs") and Mich. Comp. Laws § 691.1407 ("Governmental immunity from tort liability"). (Doc. Ent. 1 ¶¶ 31-35). Plaintiff seeks declaratory, injunctive and monetary relief. (Doc. Ent. 1 ¶¶ 36-38). The complaint is signed under penalty of perjury. (Doc. Ent. 1 at 19).

**B.    Defendants' Dispositive Motion**

On June 2, 2006, defendants Caruso, Renico, Pentrich, Murdock and Gonzales filed a motion for dismissal for lack of exhaustion. (Doc. Ent. 5). They argue, "[t]he plaintiff has not demonstrated that he exhausted all available administrative remedies since he failed to demonstrate that he filed or was prevented from filing grievances against each defendant setting forth the allegations of mistreatment o[r] wrongdoing forming the basis of the constitutional claims asserted against each of the defendants." Doc. Ent. 5 at 11.[2]

Judge Borman referred this case to me for all pretrial matters on July 13, 2006. (Doc. Ent. 6). On the same day, plaintiff filed a request for enlargement of time to file a response to

---

[2] Defendants Gonzales and Renico filed a motion for extension of time in which to file responsive pleading on May 17, 2006. (Doc. Ent. 4). On October 17, 2006, I entered an order granting the motion and acknowledging the June 2, 2006 motion for dismissal for lack of exhaustion as timely filed by all five (5) named defendants. (Doc. Ent. 9).

the dispositive motion. (Doc. Ent. 7). On October 17, 2006, I entered an order granting plaintiff's request and directing him to file any response to the June 2, 2006 dispositive motion by Monday, November 6, 2006. (Doc. Ent. 8). As of January 25, 2007, plaintiff has not filed a response.

**C.**     *Jones v. Bock*, **549 U.S. __ (Jan. 22, 2007)**

After the instant motion was filed, the Supreme Court of the United States decided *Jones v. Bock*, 549 U.S. __ (Jan. 22, 2007). *Jones* directly addresses some of the arguments raised in the instant motion. Succinctly, the Court found that the Prison Litigation Reform Act (PLRA) does not: "[1] require a prisoner to allege and demonstrate exhaustion in his complaint, [2] permit suit only against defendants who were identified by the prisoner in his grievance, [or] [3] require courts to dismiss the entire action if the prisoner fails to satisfy the exhaustion requirement as to any single claim in his complaint." *Jones*, 549 U.S. __, slip op. at 1-2.

**D.**     **Fed. R. Civ. P. 12 ("Defenses and Objections")**

Federal Rule of Civil Procedure 12 sets forth rules regarding defenses and objections. As to how defenses and objections should be presented, the rule states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted[.]

Federal Rules of Civil Procedure 12(b)(6). "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given

reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).

In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that plaintiff can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Plaintiff is not required to specifically set out the facts upon which he bases his claim. *See id*. at 47. Rather, "a short and plain statement of the claim" pursuant to Federal Rule of Civil Procedure 8(a)(2) gives defendant fair notice of plaintiff's claim and the grounds upon which it rests. *See id*.

The reviewing court must construe the complaint in the light most favorable to plaintiff and must presume all factual allegations in the complaint as true. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The purpose of Rule 12(b)(6) is to give defendant the opportunity to test whether plaintiff is entitled to legal relief as a matter of law even if everything alleged in the complaint is true. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley*, 355 U.S. at 48. A dismissal under Rule 12(b)(6) is generally disfavored by courts, as it is a dismissal on the merits. 2A JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 12.07 (2d ed. 1995).

**E.   The Court Should Deny Defendants' Motion for Dismissal for Lack of Exhaustion.**

**1.   The facts underlying plaintiff's complaint**

On November 1, 2000, the MDOC policy directive governing prisoner and parolee grievances provided that "[t]he information provided . . . shall be as specific as possible[,]"

*Jones*, slip op. at 17, MDOC PD 03.02.130 (11/01/2000) ¶ U.  On March 4, 2003, plaintiff completed a Step I grievance form regarding his March 4, 2003 request to have his door card reflect his name.  SLF-03-03-00715-17a.  Plaintiff's March 4, 2003 Step I grievance form states:

> This grievance is on Unit 5 Housing Team 7 to 3 shift and 3 to 11 shift for refusing to provide a proper door card in compliance with PD 03.01.110.
>
> On 3/4/2003 when Unit 5 Housing Staff came to put my door card on my door I requested that it reflect my name.  When the green tag sought to comply Unit 5 Black tags informed him that 'we don't recognize that.'  This has been a continual practice since I been at this Facility.
>
> I request that my name reflect in compliance with PD 03.01.110.
>
> Housing Unit Team means from the RUM on down to the green and red tag state employees.

Doc. Ent. 1 Attach. 1.

On March 11, 2003, RUM Taylor interviewed plaintiff regarding the grievance.  On March 12, 2003, RUM Robert E. Taylor responded to the grievance, stating in part: "Unit staff were directed to prepare a new door card which reflects both the commitment name and legal name of prisoner Jordan-El and place it on his assigned cell door.  Prisoner Jordan-El has now indicated that he considers this matter satisfactorily resolved."  On March 13, 2003, Steve Rivard reviewed the grievance.  A new card with plaintiff's commitment name and ethnic religious name was placed on plaintiff's cell door.  Doc. Ent. 1 ¶¶ 12, 18-22 & Attach. 1.

On March 31, 2003, Taylor transferred to another MDOC facility.  Plaintiff claims that on April 1, 2003, SLF's Unit 5 Housing Team reopened plaintiff's grievance, as defendant Pentrich removed the door card that Taylor had directed be placed on plaintiff's cell door.  Doc. Ent. 1 ¶¶ 13, 23 & Attach. 1.  Defendant Pentrich allegedly antagonized, taunted, annoyed, intimidated and baited plaintiff with several comments.  Doc. Ent. 1 ¶ 24.

Plaintiff sought redress. On April 1, 2003, defendant Gonzales told plaintiff that he (Gonzales) did not want to talk about it. Doc. Ent. 1 ¶ 25. On April 2, 2003, defendant Pentrich "closed the cell door on the Plaintiff['s] shoulder almost catching the Plaintiff's arm[.]" Doc. Ent. 1 ¶ 26. From the time of Taylor's transfer until the time of plaintiff's transfer, defendants Pentrich and Murdock "removed, damages, destroyed and defaced" plaintiff's door card. Doc. Ent. 1 ¶¶ 27-28. According to plaintiff, defendant Renico "maintained, control[l]ed, governed, and operated the overall SLF Administration on the practice and/or custom that 'We do not discipline staff as a result of the grievance process.'" Doc. Ent. 1 ¶ 29.

Plaintiff requested a Step II grievance appeal form. The request was received on April 2, 2003. Doc. Ent. 1 Attachments 2 & 3. The SLF Grievance Coordinator stated that the request was late and directed plaintiff to submit the re-opened grievance to Step III. Doc. Ent. 1 ¶ 14 & Attach. 2. On April 4, 2003 and April 8, 2003,[3] plaintiff submitted Step III appeals. Doc. Ent. 1 ¶ 15 & Attach. 3. Plaintiff's April 4, 2003 Step III grievance appeal states:

> After resolving this grievance via RUM Taylor, upon RUM Taylor transferring to another Department Facility, the Unit 5 Housing Team began removing all prisoners' door cards with Cultural/Religious/Islamic Names in which my door card was taken off by staff also contrary to the Grievance Resolution Order via RUM Taylor.

Doc. Ent. 1 Attach. 2. It appears that the latter appeal was sent directly to Step III..[4] Doc. Ent. 1 ¶ 15 & Attach. 3.

---

[3] Plaintiff lists certified mail numbers for the April 4, 2003 and April 8, 2003 mailings. Compl. ¶ 15.

[4] Plaintiff notes that MDOC PD 03.02.130 provides that "[a] grievant may file a grievance alleging racial or ethnic discrimination [and/or] staff brutality or corruption directly to Step III." MDOC PD 03.02.130 ("Prisoner/Parolee Grievances"), effective 12/19/2003, ¶ S; effective 04/28/03 ¶ R; effective 11/01/00 ¶ II.

On April 28, 2003, a new version of MDOC PD 03.02.130 went into effect. This version, as well as the superceding December 19, 2003 version, provide that "[d]ates, times, places and names of all those involved in the issue being grieved are to be included." MDOC PD 03. 02.130 (12/19/2003) ¶ T, MDOC PD 03.02.130 (04/28/2003) ¶ S.

Plaintiff's Step III grievance was denied on May 28, 2003. Doc. Ent. 1 ¶ 16 & Attach. 4. Plaintiff contends that defendant Caruso "agreed with and attempted to aid the conduct of [the other defendants]" by (1) responding to plaintiff's Step III grievance appeal that staff action was in accordance with MDOC PD 03.01.110 ¶ D and that a demonstrated policy violation had not been noted and (2) not responding to plaintiff's direct Step III grievance alleging racial or ethnic discrimination. Doc. Ent. 1 ¶ 30.

On or about September 17, 2004, plaintiff wrote to the Carson City Correctional Facility (DRF) grievance coordinator. Plaintiff stated that he was on modified access and requested grievances for three issues, one of which stated in part: "In March 2003 after resolving a grievance concerning my door, SLF officers Pendrich & Murdock conspired to remove my door card, put it back on with "EL" on my name, then written on, taunted, and hit with a cell door." Doc. Ent. 1 Attach. 5. Plaintiff claims he was seeking to grieve defendant Caruso, but his request was denied. Doc. Ent. 1 ¶ 17.

Plaintiff alleges that defendant Pentrich's and Murdock's conduct was "motivated by the Plaintiff's ethnic religious name change and Plaintiff's having sought redress concerning the Plaintiff's ethnic religious name change[.]" Doc. Ent. 1 ¶¶ 31-32. Plaintiff also claims that defendant Gonzales failed to supervise; defendant Renico "encouraged, implicitly and tacitly authorized, approved and knowingly acquiesced to the atmosphere and/or environment for the

type of conduct engaged in by Defendants [Pentrich], Murdock and [Gonzales][;]" and defendant Caruso did not respond to plaintiff's direct Step III grievance alleging racial or ethnic discrimination but responded to his Step III grievance appeal in SLF-03-03-00715-17a "to give the false impression that only SLF-03-03-00715-17a was filed with Defendant Caruso[.]"  (Doc. Ent. 1 ¶¶ 33-35).

**2.     42 U.S.C. § 1997e ("Suits by prisoners")**

Title 42 of the United States Code governs the public health and welfare.  Section 1997e governs 42 U.S.C. § 1983 suits by prisoners.  This section states in part that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Further, "[t]he exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

With regard to the dismissal of prisoner lawsuits, 42 U.S.C. § 1997e(c) provides:

(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

(2) In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997e(c)(1)-(2).

### 3.     Failure to comply with the PLRA's exhaustion requirement is an affirmative defense.

Defendants state: "Plaintiff acknowledges that he did not pursue the three-step grievance process with respect to a subsequent grievance filing on some of the defendants, but instead, sent a 'Direct Step III grievance to the MDOC Director's Office alleging racial or ethnic discrimination. However, plaintiff proffers no evidence demonstrating that he sent the grievance to the Director's Office[.]" Doc. Ent. 5 at 2 ¶ 6. Defendants also state that "plaintiff proffers no evidence demonstrating that he was on modified access to the grievance process; no evidence demonstrating that he actually submitted the request[.]" Doc. Ent. 5 at 3 ¶ 6. Additionally, defendants argue that plaintiff has "failed to demonstrate the denial of a belated request to file a grievance against Defendant Caruso while he was on modified access status, or even that he was, in fact, on modified access status at the time of the alleged request." Doc. Ent. 5 at 12.

Relying upon *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998) and *Knuckles-El v. Toombs*, 215 F.3d 640 (6th Cir. 2000), defendants argue that "plaintiff bears the burden of demonstrating that he exhausted or attempted to exhaust all available administrative remedies, and he was required to make that demonstration at the time he filed his complaint." Doc. Ent. 5 at 13, 2 ¶ 4. Defendants argue that plaintiff did not meet that burden; therefore, they argue, "his complaint should be dismissed under [Fed. R. Civ. P.] 12(b)(6) based upon his failure to demonstrate satisfaction of the exhaustion requirement." Doc. Ent. 5 at 13.

Under the law of the Sixth Circuit governing at the time defendants filed their motion, defendants' motion to dismiss would have been proper. In *Brown*, the Sixth Circuit held that a plaintiff bears the burden of demonstrating exhaustion, and that to do so he must attach copies of

his administrative grievances to his complaint. *See id.* at 1103-1104. As the Sixth Circuit subsequently explained:

> A prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity that administrative proceeding and its outcome. The reason for the requirement to show with specificity both the claims presented and the fact of exhaustion is so that the district court may intelligently decide if the issues raised can be decided on the merits.

*Knuckles-El*, 215 F.3d at 642. Under this approach, a Rule 12(b)(6) motion was generally proper, because it could be determined from the face of the complaint whether the plaintiff had adequately alleged and shown exhaustion of administrative remedies.

However, in *Jones*, the Supreme Court considered "whether it falls to the prisoner to plead and demonstrate exhaustion in the complaint, or to the defendant to raise lack of exhaustion as an affirmative defense." *Jones*, slip. op. at 10-11. Adopting the position of the majority of courts that have considered the issue, and rejecting the approach of the Sixth Circuit, the Court concluded that lack of exhaustion is an affirmative defense that must be raised and proved by the defendant. After explaining that this approach was consistent with the ordinary rule of pleading, and rejecting the justifications for the contrary rule offered by the Sixth Circuit and the state, *see id.* at 11-15, the Court concluded "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, slip op. at 15-16.

Under *Jones*, in the general run of cases a Rule 12(b)(6) motion to dismiss based on the plaintiff's failure to demonstrate exhaustion in the complaint is no longer appropriate. Because lack of exhaustion is an affirmative defense, it falls to the defendants to demonstrate that the

claims have not been exhausted.  This generally will not be determinable based on the face of the complaint, and it is only the complaint that may be considered in deciding a Rule 12(b)(6) motion.  Rather, dismissal on exhaustion grounds will generally have to be accomplished, if at all, through a properly supported motion for summary judgment including some evidence (such as the affidavit of a record keeper describing all grievances filed by the plaintiff) showing that the claims have not been exhausted.  It is true that, in some cases, the face of the complaint itself may establish a lack of exhaustion, such as where the plaintiff admits in the complaint that he has not exhausted.  *See id.* at 14 (noting that dismissal under Rule 12(b)(6) on the basis of an affirmative defense, such as a statute of limitations, may be had where "the allegations in the complaint suffice to establish that ground.").  However, because Rule 12(b)(6) tests the sufficiency of the complaint, "[a]n affirmative defense may only be considered on a motion to dismiss if it clearly appears on the face of the complaint."  *Beuster v. Equifax Information Servs.*, 435 F.Supp.2d 471, 480 (D. Md. 2006) (internal quotation omitted); *see also*, *Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003) (internal quotation omitted) (dismissal for failure to state a claim based on affirmative defense appropriate only "if the defense appears on the face of the complaint.").

  Plaintiff's failure to show exhaustion is really the crux of defendants' motion.  The prayer for relief in the motion states that "the defendants respectfully request that the court dismiss the plaintiff's complaint *based on his failure to demonstrate* that he exhausted all available administrative remedies."  Doc. Ent. 5 at 3 (emphasis added).  The same is true of the prayer for relief which concludes the motion brief, "[d]efendants respectfully request that the Court dismiss the complaint with prejudice *based on plaintiff's failure to demonstrate* exhaustion

of all available administrative remedies." Doc. Ent. 5 at 13 (emphasis added). However, because lack of exhaustion is an affirmative defense, dismissal under Rule 12(b)(6) is appropriate only if it appears from the face of the complaint that plaintiff has not, in fact, exhausted. It is not enough that plaintiff fails to allege that he has exhausted; nor is it sufficient that the grievances plaintiff has attached fail to show exhaustion. Rather, the complaint affirmatively must show that plaintiff has not exhausted. Plaintiff's complaint does not admit a failure to exhaust (Compl. ¶¶ 12-17), nor does it provide any other basis on its face to conclude from the allegations that plaintiff has not exhausted his claims as a matter of law (Compl. ¶¶ 18-30).

Accordingly, under *Jones* and the ordinary standards governing Rule 12(b)(6) motions, defendants' motion should be denied to the extent it argues that it is plaintiff's burden to illustrate compliance with 42 U.S.C. § 1997e(a)'s exhaustion requirement. Doc. Ent. 5 at 3.[5]

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir.

---

[5] There are other issues raised by defendants' motion. However, the PLRA does not require total exhaustion, *Jones*, slip. op. at 2, 19-23 (Doc. Ent. 5 at 2 ¶ 5), and it does not require defendants be identified in the grievance, *Jones*, slip. op. at 2, 16-19 (Doc. Ent. 5 at 2 ¶ 3, ¶ 6). Furthermore, the sufficiency of the content in SLF-03-03-00715-17a Steps I and III and in plaintiff's September 17, 2004 modified access grievance form request are issues best resolved on summary judgment as described above (Doc. Ent. 5 at 2-3 ¶ 6).

12

1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, ALF-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/Paul J. Komives
                                              PAUL J. KOMIVES
Dated 1/26/07                       UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 26, 2007.
>
>                                s/Eddrey Butts
>                                Case Manager