UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMONE JORDAN,

       Plaintiff,

vs.

PATRICIA CARUSO, et al.,

       Defendants.
_____/

Civil Action No.
06-CV-10979

HONORABLE PAUL D. BORMAN

**OPINION AND ORDER (1) ACCEPTING THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS IN PART, (2) DISMISSING ALL CLAIMS AGAINST DEFENDANTS GONZALES, RENICO, AND CARUSO, (3) DISMISSING PLAINTIFF'S STATE LAW CLAIMS, (4) DISMISSING PLAINTIFF'S CONSPIRACY CLAIMS, (5) DISMISSING PLAINTIFF'S FIRST AMENDMENT CLAIMS, (6) DISMISSING PLAINTIFF'S RLUIPA CLAIMS, (7) DISMISSING PLAINTIFF'S EIGHTH AMENDMENT CLAIMS, (8) DISMISSING PLAINTIFF'S FOURTEENTH AMENDMENT DUE PROCESS CLAIMS, and (9) ALLOWING PLAINTIFF'S FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIMS TO PROCEED AGAINST DEFENDANTS PENTRICH AND MURDOCK ONLY**

### I. INTRODUCTION AND PROCEDURAL BACKGROUND

This is a civil rights case. Plaintiff Simone Jordan ("Jordan"), a *pro se* prisoner,[1] claims that defendants, five prison officials, violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts claims under 42 U.S.C. §§ 1985 (conspiracy to interfere with civil rights), 1986 (action for neglect to prevent), and 1988 (proceedings in vindication of civil rights), along with claims that defendants violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1,

---

[1] Jordan is not proceeding *in forma pauperis*.

and Mich. Comp. Laws §§ 691.1407(2)(c) and 750.147b (ethnic intimidation).[2]

Jordan is suing: (1) Corrections Officer Todd Pentrich, (2) Corrections Officer Beverly Murdock, (3) Shift Sergeant Nemus Gonzales, (4) Warden Paul Renico, and (5) Director of the Michigan Department of Corrections, Patricia Caruso.

Jordan is a member of the Moorish Science Temple of America, Inc. ("MSTA"), a recognized religion requiring that all who join it "use the tribal name 'El' or 'Bey' [in] conjunction with the slave name (i.e., Jordan), and refrain from using the slave name without 'El' or "Bey' therewith." Broadly stated, Jordan claims that defendants violated his constitutional and statutory rights when they refused to recognize him by his religious name, "Jordan-El," and removed the name card reflecting Jordan's religious name from his cell door and replaced it with a name card reflecting only his commitment name. The detailed factual background and the specific allegations against each defendant are carefully laid out by the Magistrate Judge and need not be repeated here.

Now before the Court are three Reports and Recommendations ("R&Rs") issued by Magistrate Judge Paul J. Komives. The first R&R is dated March 5, 2008 [docket entry 19]. The second R&R, entitled "Supplemental R&R," is dated September 25, 2008 [docket entry 22]. The third R&R, entitled "Second Supplemental R&R," is dated June 11, 2009 [docket entry 29].

In the first R&R, the Magistrate Judge recommends that the Court (1) dismiss all § 1983 claims against Gonzales, Renico, and Caruso, (2) dismiss all Eighth Amendment claims, and (3)

---

[2] The Court will summarily dismiss Jordan's state law claims under §§ 691.1407 and 750.147b. The former provision does not give rise to a cause of action; rather, it confers governmental immunity upon government agencies and certain of their officers and employees. The latter provision is a criminal statute. As stated by the United States Supreme Court, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986). Accordingly, the state law claims will be dismissed.

dismiss all RLUIPA claims. Noting that the Magistrate Judge did not address Jordan's First Amendment and Fourteenth Amendment claims in his first R&R, the Court issued an order on March 31, 2008, remanding the R&R to the Magistrate Judge for consideration of these claims. *See* docket entry 21.

On September 25, 2008, the Magistrate Judge issued a Supplemental R&R in which he addressed Jordan's First Amendment, Fourteenth Amendment, and conspiracy claims, as directed by the Court in its March 31, 2009, order. In the Supplemental R&R, Magistrate Judge Komives recommends that the Court: (1) dismiss Jordan's First Amendment free exercise claim, (2) allow Jordan's First Amendment retaliation claim to proceed against Pendrich and Murdock, (3) dismiss Jordan's Fourteenth Amendment due process claim, (4) allow Jordan's Fourteenth Amendment equal protection claim to proceed, (5) allow Jordan's § 1985(3) claim against Pendrich and Murdock to proceed, and (6) dismiss Jordan's § 1986 claims against Gonzales, Renico, and Caruso. In his Supplemental R&R, Magistrate Judge Komives treated defendants' motion—which was labeled a motion to dismiss and alternatively, a motion for summary judgment—as a motion to dismiss only. On November 24, 2008, the Court remanded the Supplemental R&R to the Magistrate Judge for consideration of (1) defendants' motion for summary judgment, (2) whether the *de minimis* doctrine applies to Jordan's allegations, and (3) the applicability of the Sixth Circuit's decision in *Spies v. Voinovich*, 173 F.3d 398, 406 (6th Cir. 1999). *See* docket entry 26.

On June 11, 2009, the Magistrate Judge issued a Second Supplemental R&R in which he recommends that the Court: (1) grant summary judgment in defendants' favor of Jordan's First Amendment retaliation claims, (2) allow Jordan's Fourteenth Amendment equal protection claims to proceed, and (3) grant summary judgment in defendants' favor on Jordan's § 1985 claims against

Pendrich and Murdock.

Considering the three R&Rs cumulatively, the Magistrate Judge recommends that all claims be adjudicated in defendants' favor except Jordan's Fourteenth Amendment equal protection claim against Pendrich and Murdock. For the reasons that follow, and after reviewing the matter *de novo*, the Court will, subject to the supplemental discussion below, accept and adopt the R&Rs as the findings and conclusions of the Court except that it will reject the Magistrate Judge's recommendation that the Court decline to exercise supplemental jurisdiction over Jordan's state law claims.[3]

## II. THE CLAIMS AGAINST GONZALES, RENICO, AND CARUSO

Jordan asserts the following claims against these defendants: (1) First Amendment freedom of expression, (2) First Amendment freedom of religious practice, (3) First Amendment retaliation, (4) RLUIPA violations, (5) Eighth Amendment cruel and unusual punishment, (6) Fourteenth Amendment due process, and (7) Fourteenth Amendment equal protection. The Magistrate Judge addressed these claims in his first R&R at pages 17-22. The Court agrees with the Magistrate Judge's analysis and conclusions and will accept them as the findings and conclusions of the Court.

To the extent that Jordan brings conspiracy claims against Defendants Gonzales, Renico, and Caruso under 42 U.S.C. § 1986, if at all, the claims will be dismissed because, as the Magistrate Judge recommends—and the Court agrees—the § 1985 conspiracy claims against Pendrich and Murdock are not cognizable. As stated by the Sixth Circuit, "[w]here a plaintiff has stated no cause of action under § 1985, no cause of action exists under § 1986." *White v. Trapp*, 93 Fed. App'x 23, 26 (6th Cir. 2004). For this reason, Jordan's § 1986 claims against Gonzales, Renico, and Caruso

---

[3] The state law claims have been addressed and resolved above. *See* page 2, n.2.

must be dismissed.

## III.  THE CLAIMS AGAINST PENTRICH AND MURDOCK

Jordan asserts the same claims against Pentrich and Murdock as he does against Gonzales, Renico, and Caruso. Arguably, Jordan also asserts a conspiracy claim against Pentrich and Murdock under 42 U.S.C. § 1985.

Jordan's First Amendment free exercise and freedom of expression claims are foreclosed by *Imam Ali Abdullah Akbar v. Canney*, 634 F.2d 339, 340 (6th Cir. 1980) (per curiam), in which the Sixth Circuit held that an inmate has no "constitutional right to dictate how prison officials keep their prison records." As explained by the *Canney* court, "[a]s we see this issue, the present question of name change usage relates to prison administration. Absent unusual allegations such matters are for state prison officials to resolve. Intervention by the federal courts should only be in the very unusual case." *Id. See also Spies*, 173 F.3d at 406 (relying on *Canney* for the proposition that a prisoner has no First Amendment right to be referred to by his religious name).

Moreover, Jordan's First Amendment retaliation claims are not cognizable for the reasons stated by the Magistrate Judge in his Second Supplemental R&R at pages 14-26. Jordan's Eighth Amendment claims are not viable for the reasons stated by the Magistrate Judge in his first R&R at pages 27-32. Jordan's RLUIPA claims are not cognizable for the reasons stated by the Magistrate Judge on pages 22-27 of his first R&R. Jordan's Fourteenth Amendment due process claims are not viable for the reasons stated by the Magistrate Judge on pages 24-28 of his Supplemental R&R. Finally, Jordan's conspiracy claims are not viable for the reasons stated by the Magistrate Judge in his Second Supplemental R&R at pages 34-38.

This leaves only Jordan's Fourteenth Amendment equal protection claims. The Magistrate

Judge has recommended that these claims should proceed. The Court notes that while defendants seek dismissal of—and alternatively, summary judgment with respect to—all of Jordan's claims, defendants did not so much as mention Jordan's equal protection claims in their motion. Because the equal protection issue has never been briefed, the Court will, at this time, deny defendants' motion with respect to Jordan's equal protection claims without prejudice to their ability to file an appropriate motion in which the claims are addressed.

### IV.  CONCLUSION

For the reasons stated above,

IT IS ORDERED that Jordan's state law claims are dismissed.

IT IS FURTHER ORDERED that all claims against Gonzales, Renico, and Caruso are dismissed.

IT IS FURTHER ORDERED that the R&Rs of Magistrate Judge Komives are accepted and adopted in part as follows: rejected as to the Magistrate Judge's recommendation that the Court decline to exercise supplemental jurisdiction over Jordan's state law claims; accepted and adopted in all other respects insofar as they are consistent with the foregoing and subject to the supplementary discussion of certain claims above.

IT IS FURTHER ORDERED that defendant's motion [docket entry 13] is granted in part and denied in part as follows: denied as to Jordan's equal protection claims against Murdock and

Pentrich; granted as to Jordan's conspiracy claims; granted as to Jordan's First Amendment claims; granted as to Jordan's RLUIPA claims; granted as to Jordan's Fourteenth Amendment due process claims; granted as to Jordan's Eighth Amendment claims.

IT IS FURTHER ORDERED that this case shall proceed on only Jordan's equal protection claims against Pentrich and Murdock.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 14, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 14, 2009.

S/Denise Goodine
Case Manager